# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL LAGUDI, AN INDIVIDUAL; AND WILLIAM TODD PONDER, AN INDIVIDUAL,

        Appellants,

vs.

FRESH MIX, LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND GET FRESH SALES, INC., A NEVADA CORPORATION,

        Respondents.

No. 80950

FILED

SEP 0 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

Respondents have filed a notice of bankruptcy notifying this court that an order for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada has been filed. A copy of an Order Granting Involuntary Chapter 7 Petition and Resolving Pending Motions for Mootness from the bankruptcy court is attached to the motion.

The filing of a Chapter 7 petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the [bankruptcy] debtor." 11 U.S.C. § 362(a)(1) (2010). An appeal, for purposes of the automatic bankruptcy stay, is considered a continuation of the action in the trial court. *See, e.g., Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir. 1987). Consequently, an appeal is automatically stayed if the debtor was a defendant in the underlying trial court action. *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

20-32730

It appears that respondents were defendants below. Therefore, this appeal is stayed as to respondents pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if the appeal is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of the appeal and is not inconsistent with the primary purpose of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. § 362(a)]"); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"). Accordingly, we dismiss this appeal. The dismissal is without prejudice to appellants' right to move for reinstatement of the appeal within 60 days of either the lifting of the bankruptcy stay or

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

final resolution of the bankruptcy proceedings, if appellants deem such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
John Walter Boyer, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Fox Rothschild, LLP/Las Vegas
Pisanelli Bice, PLLC
Eighth District Court Clerk